Kelly *vs.* Carter.

BENJAMIN O. KELLY, administrator, plaintiff in error, *vs.* LESLIE G. CARTER, defendant in error.

(BY TWO JUDGES.)   1. An affidavit by an administrator, in a suit pending in his favor, on a debt contracted with his intestate before the first of June, 1865, that "according to the best of his knowledge and belief and information, all legal taxes have been paid on the same for each year since the same came into his possession as administrator, except for the years 1869 and 1870, deponent being advised that the note was so doubtful of collection that he was not required to pay taxes on the same for the years 1869 and 1870, being then considered doubtful if not uncollectable," is a substantial compliance with the 1st section of the Act of October 13th, 1870.

2. The fact that a widow and minors are interested as distributees, with other heirs and creditors of an estate, does not bring a suit on a note due an intestate and in suit by an administrator, within the 14th section of the Act of October 13th 1870, so as to excuse the filing an affidavit and proof at the trial that all legal taxes due on the debt have been paid.   20th February, 1872.

Relief Act of 1870.    Widows and Minors.    Before Judge DAVIS.    Walton Superior Court.    August Term, 1871.

Kelly, as administrator of Tucker, sued Carter upon his promissory note, payable to Tucker, made in 1862. Kelly filed his affidavit that, "to the best of his knowledge and information, all legal taxes upon said debt have been duly paid, or the income thereon, for each year since the same came into his hands as administrator, except for the years 1869 and 1870. Deponent was advised that the note was so doubtful of collection that he was not required by law to pay taxes on the same for the years 1869 and 1870, it being then considered as very doubtful if not uncollectable. That portion of the statute which requires him to swear that his intestate paid all legal taxes, requires an impossibility, and is, therefore, not binding. He is informed and believes that there are widows, or a widow and minor children, who are distributees of said Tucker, and is advised that the provisions of the first and second sections of said Act do not apply to this claim. And deponent expects to prove these facts upon the trial."

Defendant's counsel moved to dismiss the cause because such affidavit was insufficient under the Relief Act of 1870. Plaintiff's counsel resisted the motion, and said if he was wrong, this cause was within the exception contained in the fourteenth section of the Act, because Mrs. Freeman, a daughter of Tucker, was an heir at law of Tucker, with a widow having a minor child, who was interested in this suit. The Court dismissed the cause. That is assigned as error.

WALKER & McDANIEL, for plaintiff in error. Affidavit was sufficient: Akin *vs.* McDaniel, October, 1871; Worrell *vs.* Adams, August, 1871. Widow was interested: R. Code, secs. 295, 3504, 2447.

J. M. ARNOLD, by HILLYER & BROTHER, for defendant.

McCAY, Judge.

1. The affidavit is a substantial compliance with the Act of October 13th, 1870. The statute does not require the oath to be positive, and the affidavit is only preparatory to making proof on the trial. The plaintiff swears that according to the best of his knowledge, the taxes have been paid, except for two years, when he says that it was of such doubtful solvency as not to be taxable. This amounts to saying it was of no value, and is sufficient, in our judgment, to let the case go to the jury. If that is proven, that for those years the debt was worthless, had no value, it was not taxable. The affidavit must necessarily turn on the plaintiff's opinion. The proof on the trial will show whether that opinion was right.

2. It would be straining section fourteen of the Act very much, to say that the facts of this case bring it within that section. These minors are not the *owners* of this note or any part of it. They have an interest in the *residue*, after the payment of debts and expenses, but even that is divided with others. Were there no debts and no other heirs, so

that the administrator might fairly be said to be a trustee for them, we incline to think the fourteenth section would apply.  As it is, they are not even the equitable owners.  They are merely distributees of an estate, of which this note forms a part of the assets.  They may get nothing.

But we reverse the judgment on the first ground.